IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EASTERN FUNDING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-599-DWD |
| | ) |
| CWI COMMERCIAL LAUNDRY | ) |
| EQUIPMENT, INC., | ) |
| TAMMY WISINSKI, and | ) |
| CRAIG WISINSKI, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**DUGAN, District Judge:**

Now before the Court is the Motion for Default Judgment (Doc. 41) filed by Plaintiff Eastern Funding, LLC. Pursuant to this Court's March 11, 2021 Order at Doc. 44, the Court only considers this Motion as it relates to Defendant Craig Wisinski. A Zoom video conference was held on March 23, 2021. Plaintiff appeared by Counsel. No defendants appeared. Attorney Patchett also did not appear.

Upon review of Attorney Patchett's Motion to Withdraw at Doc. 35, the Court observes that Attorney Patchett previously requested to withdraw as counsel for both Defendant Tammy Wisinski and Defendant CWI Commercial Laundry Equipment, Inc. ("CWI"). The Motion to withdraw was granted but through an oversight on the Court's part, the order did not reference Defendant CWI. (Doc. 40). Upon further review of the Motion and proceedings, the Court hereby amends its prior Order (Doc. 40), and Attorney Patchett's Motion to Withdraw is also **GRANTED** as to Defendant CWI.

1

Attorney Patchett is **RELIEVED** of his duties as Counsel for Defendant CWI, and the Clerk of Court is **DIRECTED** to terminate him from the docket. Defendant CWI is **DIRECTED** to enter an appearance by **April 13, 2021**. If Defendant CWI fails to appear, Plaintiff may seek an entry of default under Federal Rule 55, and then move for default judgment accordingly. By further order the Court will set a status hearing for **April 27, 2021**.

As to Plaintiff's Motion for Default Judgment against Craig Wisinski, Plaintiff's Counsel argues that Defendant Tammy Wisinski's bankruptcy proceedings have no effect on Plaintiff's ability to obtain a default judgment against Defendant Craig Wisinski. Plaintiff's counsel represents that Defendant Tammy Wisinski has not requested a stay on behalf of co-debtors, Craig Wisinski and CWI, in the instant proceedings and has no direct interest in any of the property at issue in this matter. Generally, the automatic stay under 11 U.S.C. § 362 only protects the bankruptcy debtor and "does not apply to guarantors, sureties, insurers, partners, and other persons liable on the debt." *United States v. Wright*, 57 F.3d 561, 562 (7th Cir. 1995); *In re White*, 415 B.R. 696, 698 (Bankr. N.D. Ill. 2009). Moreover, typically the debtor is responsible for requesting an extension of the stay. *In re Richard B. Vance and Co.*, 289 B.R. 692, 697 (Bankr. C.D. Ill. 2003) ("Even where unusual circumstances exist, extension of the stay to nonbankrupt parties is not automatic and must be requested affirmatively by the debtor."). Accordingly, the Court finds that the bankruptcy case filed by Tammy Wisinsky does not operate as a stay or otherwise effect the current proceedings directed at either Craig Wisinsky or CWI .

The Clerk entered default against Defendant Craig Wisinski on November 5, 2020 (Doc. 32).  Defendant Craig Wisinski is therefore in default and has further failed to appear.  Accordingly, Plaintiff's Motion for Default Judgment (Doc. 41) is **GRANTED, in part, only as it relates to Defendant Craig Wisinski**.  Plaintiff is **DIRECTED** to submit a proposed default judgment order to the Court via e-mail at DWDpd@ilsd.uscourts.gov.

**SO ORDERED.**

Dated: March 23, 2021

_____
DAVID W. DUGAN
United States District Judge