IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EASTERN FUNDING LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00599-DWD |
| | ) |
| **CWI COMMERCIAL LAUNDRY EQUIPMENT INC.,** | ) |
| d/b/a **HERRIN LAUNDROMAT,** | ) |
| d/b/a **BUCKLEW'S LAUNDROMAT,** | ) |
| d/b/a **SOUTHERN SUDS,** | ) |
| d/b/a **CARMI LAUNDROMAT,** | ) |
| d/b/a **THIRD STREET LAUNDRY,** | ) |
| d/b/a **SOUTHERN SUDS,** | ) |
| d/b/a **SIKESTON LAUNDROMAT,** | ) |
| d/b/a **CWI LAUNDRYMAT,** | ) |
| d/b/a **SOUTHERN SUDS,** | ) |
| d/b/a **DYERSBURG LAUNDROMAT,** | ) |
| d/b/a **THE CLEAN SPOT,** | ) |
| **TAMMY WISINSKI, and** | ) |
| **CRAIG WISINSKI,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER ON MOTION FOR DEFAULT JUDGMENT

**DUGAN, District Judge:**

Now before the Court is Plaintiff Eastern Funding LLC's ("Eastern Funding") Motion for Default Judgment (Doc. 70). On January 12, 2022, the Court held a hearing on the Motion (Doc. 73). Plaintiff Eastern Funding and Movant/Intervenor Dawn Carapella appeared by Counsel. No Defendants appeared. At the hearing, Counsels for Eastern Funding and Ms. Carapella represented that Defendant Tammy Wisinski's bankruptcy proceeding has closed and a discharge order has been entered. As such, by an oral

motion, Plaintiff moved to dismiss Count II (breach of guaranty) of its Amended Complaint (Doc. 29) against Defendant Tammy Wisinski without prejudice. The Court **GRANTS** the oral motion. Count II of Plaintiff's Amended Complaint against Defendant Tammy Wisinski is hereby **DISMISSED, without prejudice**.

Turning to Plaintiff's Motion for Default Judgment and request for a Writ of Replevin (Doc. 70). Counsel for Ms. Carapella had no objection to the Motion. Defendant CWI failed to appear or file a response in opposition to the Motion. As all parties received due notice of the Motion, and the Court further being fully advised in the premises and having jurisdiction over the subject matter,

**IT IS HEREBY ORDERED:**

1) That Eastern Funding's Motion for Default Judgment (Doc. 70) is **GRANTED** and judgment will be entered in Plaintiff's favor and against CWI Commercial Laundry Collateral, Inc. d/b/a Herrin Laundromat d/b/a Bucklew's Laundromat d/b/a Southern Suds, d/b/a Carmi Laundromat d/b/a Third Street Laundry d/b/a Southern Suds, d/b/a Sikeston Laundromat d/b/a CWI Laundrymat d/b/a Southern Suds, d/b/a Dyersburg Laundromat d/b/a The Clean Spot, ("CWI Commercial Laundry"), on **Counts I** (breach of contract), **IV** (replevin under 735 Ill. Comp. Stat. § 5/19-101), and **VIII** (listed as IV) (detinue) of Eastern Funding's Amended Complaint (Doc. 29).

2) That monetary judgment is entered in favor of Eastern Funding and against CWI Commercial Laundry, on Count I of Eastern Funding's Complaint for **$386,236.17** consisting of:

    a. $291,057.99 for the amounts due under the Agreement;

    b. Prejudgment interest in the amount of $34,369.65; and,

    c. Attorneys' fees and costs in the amount of $60,808.53.

3) That judgment is entered in favor of Eastern Funding and against CWI Commercial Laundry on **Count IV** and the **Writ of Replevin** attached hereto as **Exhibit A** shall issue to the United States Marshal, or such other person specially appointed to whom the writ is directed, after receiving from Eastern Funding, or someone else on its behalf, a bond of security in the amount of double the value of the property (**total bond of $77,000.00**), directing the Marshal, or such other person specially appointed to whom the writ is directed, to use all necessary force take possession of the Collateral, or any portion thereof, including:

1. One (1) Huebsch 80lb Washers;
2. Two (2) Huebsch 60lb Washers;
3. Six (6) Huebsch 30lb Washers;
4. Two (2) Huebsch 45lb Washers;
5. Two (2) 60lb Washers base;
6. One (1) 30lb Washers base single;
7. One (1) 30lb Washer base double;

8. Two (2) Huebsch 80lb Washers;

9. Two (2) Huebsch 60lb Washers;

10. Two (2) 60lb Washers base;

11. all ascensions, additions, replacements and proceeds from the above; and,

12. any and all of CWI Commercial Laundry's wherever located machinery, equipment, furniture, fixtures, inventories (raw materials, work-in-progress, finished goods and supplies), titled motor vehicles, leases, finished goods and supplies, contract rights, claims, causes of action, accounts receivable, and all intangible assets and other real and/or personal property owned by CWI Commercial Laundry and all cash and non-cash proceeds and products therefrom, whether or not purchased with the funds financed under the Agreement, whether now or later acquired, arising of every kind and nature and all proceeds and products therefrom;

from: 1) 589 Cedar Creek Road, Makanda, Illinois 62958; 2) 1001 N. Park Avenue, Herrin, Illinois 62948; 3) 507 Third Street, Carmi, Illinois 62681; or, wherever the Collateral may be found, and deliver the same to Eastern Funding.

4) That judgment is entered in favor of Eastern Funding and against CWI Commercial Laundry on **Count VIII** (listed as IV) of Eastern Funding's Amended Complaint (Doc. 29), and CWI Commercial Laundry is hereby **ORDERED** to **TURN OVER the aforementioned Collateral subject to the Agreement to Plaintiff Eastern Funding within ten (10) days of entry of this Order or become subject to contempt of Court proceedings.**

5) Counts **V** (replevin under Tenn. Code § 29-30-101), **VI** (replevin under Mo. Stat. § 533.010), and **VII** (replevin under N.Y. C.P.L.R. § 7101) of Plaintiff's Amended Complaint (Doc. 29) are **DISMISSED, with prejudice**, as moot.

6) There is no just reason to delay enforcement or appeal of this final judgment order pursuant to Federal Rule of Civil Procedure 54.

## Disposition

In sum, Plaintiff's Motion for Default Judgment (Doc. 70) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in Plaintiff's favor and against CWI Commercial Laundry Collateral, Inc. d/b/a Herrin Laundromat d/b/a Bucklew's Laundromat d/b/a Southern Suds, d/b/a Carmi Laundromat d/b/a Third Street Laundry d/b/a Southern Suds, d/b/a Sikeston Laundromat d/b/a CWI Laundrymat d/b/a Southern Suds, d/b/a Dyersburg Laundromat d/b/a The Clean Spot, ("CWI Commercial Laundry"), on **Counts I** (breach of contract), **IV** (replevin under 735 Ill. Comp. Stat. § 5/19-101), and **VIII** (listed as IV) (detinue) of Eastern Funding's Amended Complaint (Doc. 29).

**Counts V** (replevin under Tenn. Code § 29-30-101), **VI** (replevin under Mo. Stat. § 533.010), and **VII** (replevin under N.Y. C.P.L.R. § 7101) of Plaintiff's Amended Complaint (Doc. 29) are **DISMISSED, with prejudice**.

**Count II** (breach of guaranty) against Defendant Tammy Wisinski is **DISMISSED, without prejudice.**

Having previously entered judgment on **Count III** (breach of guaranty) of Plaintiff's Amended Complaint (*See* Doc. 29) against Defendant Craig Wisinski, and there

being no further issues remaining before the Court, the Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: January 12, 2022

_____
DAVID W. DUGAN
United States District Judge